UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN ROBERT DEMOS              PETITIONER

v.              CIVIL ACTION NO. 3:13CV-P20-R

U.S. SECRETARY OF DEFENSE           RESPONDENT

**MEMORANDUM OPINION**

The petitioner, John Robert Demos, without the assistance of counsel, filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. For the following reasons, his § 2241 petition will be dismissed.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Demos states in the petition that his place of confinement is Clallam Bay Correctional Center, which is located in Clallam Bay, Washington. He states that he is challenging sentences imposed in 1974 and 1978. He states that the U.S. military suppressed evidence that would have proved his innocence of being a spy for "the British Crown." He states that he was denied the right to call witnesses, including the head of British Intelligence, the U.S. Secretary of State, and the Central Intelligence Agency Director. Demos states, "The United State military cannot force Petitioner to commit treason against England which is my mother country."

**II. ANALYSIS**

Demos has a well-documented history of filing frivolous and vexatious lawsuits in the various federal district and circuit courts throughout the country, as well as in the United States Supreme Court. Demos is a litigant with "three strikes" under 28 U.S.C. § 1915(g). *Demos v. Bush*, 365 F. App'x 341, 342 (3d Cir. 2010); *see also Demos v. Coca-Cola, Inc.*, No. 3:11-CV 380, 2011 U.S. Dist. LEXIS 87645 (W.D.N.C. Aug. 8, 2011); *Demos v. United States*, No.

2:10-CV-285-DAK, 2010 U.S. Dist. LEXIS 34806 (D. Utah Apr. 7, 2010); *Demos v. United States*, No. 08-6055, 2008 U.S. Dist. LEXIS 93283 (W.D. Ark. Nov. 17, 2008); *Demos v. Doe*, No. 05-5843 (WJM), 2006 U.S. Dist. LEXIS 20028 (D.N.J. Apr. 4, 2006); *Demos v. Doe*, 118 F. Supp. 2d 172, 173 (D. Conn. 2000).  Therefore, this action would be subject to the "three strikes" provision of 28 U.S.C. § 1915(g); however, § 1915(g) does not apply to habeas petitions. *See Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located.  *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20 (6th Cir. 2003).  Demos is currently in custody in Washington.  Therefore, proper venue would lie in Washington where his custodian is located.  *Id.*

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Transferring Demos's § 2241 petition would not be in the interest of justice because of Demos's history as a vexatious litigant and because of the frivolous and implausible nature of the allegations presented.  *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (complaint subject to *sua sponte* dismissal for for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

For the foregoing reasons, the § 2241 petition will be denied and the instant action dismissed by separate Order.

### III. CERTIFICATE OF APPEALABILITY

In the event that Demos appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
4413.010